# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2382

_____

Adrian L. Dunn

*Plaintiff - Appellant*

v.

Michael B. Mattivi, Probation Officer; John 1 Doe, Federal Agent; John 2 Doe, Federal Agent

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: October 18, 2013
Filed: October 23, 2013
[Unpublished]

_____

Before LOKEN, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Federal inmate Adrian L. Dunn, Sr. appeals the district court's[1] pre-service dismissal, without prejudice, of his pro se action brought under *Bivens v. Six*

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

*Unknown Named Agents*, 403 U.S. 388, 389 (1971) and state law, challenging the search and seizure of his property. Upon de novo review, *see Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (28 U.S.C. § 1915A dismissal), this court affirms with modification.

Dunn challenged a search of the residence he shared with his girlfriend. The search was conducted by the girlfriend's probation officer, accompanied by two federal law-enforcement officers. The district court correctly held the girlfriend's consent was sufficient to allow a search of the entire premises. *See Illinois v. Rodriguez*, 497 U.S. 177, 181, 186 (1990) (search conducted pursuant to consent of occupant valid as to absent co-occupant who shares, or is reasonably believed to share, authority over area in common). Neither the presence of law-enforcement officers at the search nor the actual motivations for conducting the search change the result. *See United States v. Knights*, 534 U.S. 112, 122 (2001) (reasonableness of search evaluated under traditional Fourth Amendment analysis; no basis for examining official purpose); *United States v. Brown*, 346 F.3d 808, 811-12 (8th Cir. 2003) (no basis for examining official purpose or "actual motivations" of officers; *Knights* eliminated "stalking horse" or "investigatory purpose" inquiry); cf. *United States v. Becker*, 534 F.3d 952, 955-57 (8th Cir. 2008) (consensual search of probationer's residence by probation officer and two law-enforcement officers did not violate Fourth Amendment).

Because the complaint failed to state a federal claim, the dismissal of Dunn's *Bivens* claims is modified to be with prejudice. The without-prejudice dismissal of Dunn's pendent state-law claims was within the district court's discretion. *See Labickas v. Ark. State. Univ.*, 78 F.3d 333, 334-35 (8th Cir. 1996) (per curiam) (following dismissal of federal claims, court may dismiss state law claims without prejudice).

_____